IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEVERLY JO JONES,** | : | |
| Petitioner, | : | |
| vs. | : | **CIVIL ACTION 05-0461-CG-C** |
| **J. JERRY PILGRIM,** | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Beverly Jo Jones filed a petition for the writ of habeas corpus (Doc. 1) and paid the $5.00 filing fee. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(3). It is recommended the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides, in part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I. Nature of Proceedings.**

Ms. Jones filed a *pro se* petition for the writ of habeas corpus. Her pleadings in this action (Docs. 1, 3) are not clear, ramble, and do not contain information typically found in a

habeas petition.[1]

In the petition (Doc. 1), no specific conviction or restraint is identified as being challenged.  Rather, petitioner vaguely refers to "[t]he judgments rendered that contain the above-stated Respondent are listed in this courts records[.]"  It is only in the subsequently filed addendum to the petition for writ of habeas corpus (hereinafter "addendum") (Doc. 3) that petitioner refers to the specific action of *Jones v. Pilgrim,* CA 03-0763-CB-L (S.D. Ala. Jan. 20, 2004).

In CA 03-0763-CB-L, this Court denied the writ of habeas corpus pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in the United States District Courts

---

[1]  Petitioner has filed numerous unsuccessful actions with the Court for herself and others. From these actions, the Court has discovered that petitioner was convicted on December 16, 2003 for stalking and received a sentence on January 23, 2004 of 18 months of imprisonment and 5 ½ years of probation.  *Jones v. State of Alabama*, 04-0096-WS-D (S.D. Ala. Dec. 17, 2004) (Doc. 26).   Prior to her conviction, petitioner was the subject of an involuntary commitment proceeding.  *Jones v. Daphne Poundstone,* Civil Action No. 00-0431-RV-S (S.D. Ala.. July 13, 2000) (Doc. 5).  At the present time, petitioner has been released from her imprisonment (Doc. 3).

Previously, petitioner filed the following actions in this Court.  *Jones v. Pilgrim,* Civil Action No. 98-0765-CB-C (S.D. Ala. Oct. 28, 1998); *Jones v. Randy Burroughs,* Civil Action No. 99-0921–AH-M (S.D. Ala. Mar. 10, 2000); *Jones v. Daphne Poundstone,* Civil Action No. 00-0431-RV-S (S.D. Ala. July 13, 2000); *Jones v. Pilgrim,* Civil Action No. 02-0128-CB-S (S.D. Ala. Mar.18, 2002); *Jones v. Chief Phillips,* Civil Action No. 03-0261-BH-L (S.D. Ala. Sept. 5, 2003); *Michael Lee Jones v. State of Alabama,* Civil Action No. 03-0764-WS-M (S.D. Ala. Jan. 21, 2004); *Daniel Ryan Jones v. State of Alabama,* Civil Action No. 03-0765-CB-C (S.D. Ala. Dec. 22, 2003); *Jones v. Davenport,* Civil Action No. 03-0767-CG-C (S.D. Ala. Feb. 27, 2004);  *Jones v. State of Alabama Dept. of Mental Health,* Civil Action No. 03-0790-CG-L (S.D. Ala. Jan. 23, 2004); *Jones v. Tillman*, Civil Action No. 04-0096-WS-L (S.D. Ala. Dec. 16, 2004); and *Jones v. State of Alabama,* Civil Action No. 04-0538-CG-L (S.D. Ala. Oct. 7, 2004).

In addition, in *Jones v. Pilgrim*, Civil Action No. 02-0128-CB-S, petitioner was counseled by the Court that she may be subject to sanctions "if she persists in filing frivolous pleadings in this cause or in any other action in this court."  Doc. 13, order dated April 3, 2002.

(Docs. 4, 6). Petitioner had sued Pilgrim, an attorney, who had represented her in a 1992 domestic relations action, for unidentified documents allegedly in his custody. In dismissing the action, the Court found that habeas relief was not available to petitioner for the release of property because the writ of habeas corpus is concerned only with the release of a *person.*[2]

Even though petitioner titled her present filing as a petition for the writ of habeas corpus (Doc. 1), in the body of her petition she refers to Rule 60(b) of the Federal Rules of Civil Procedure and states this rule provides relief from fraud or misrepresentation and allows relief to be gained through the filing of an independent action. Considering the tenor of the petition's allegations, Rule 60(b) appears to be the basis of the present action. Petitioner, however, has not identified any facts to support an allegation of fraud or misrepresentation.

In the petition petitioner states that "[t]he judgments rendered that contain the above-stated Respondent are listed in this courts records and it would be this action is valid because the Respondent's keeping this Petitioner's property that needs no definition but that he does has caused all other actions that has been preventing this Petitioner from freedom, commerce, copyrights and human rights." Based on this statement, the Court discerns, as best it can, that through the present action petitioner seeks the return of her property that is

---

[2]This Court takes judicial notice of its records. *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

allegedly held by respondent. This conclusion is supported by petitioner's addendum (Doc. 3) wherein she states, "A *habeas corpus ad subjiciendum* is what is being asked, the same as was in this court's <u>Jones</u> v. <u>Pilgrim</u>, Civil Action No. 03-0763-CB-L. . . .," and claims that due to her incarceration, she was frustrated in her appeal of that action to the United States Supreme Court and therefore "this court now must honor this petition." Thus, it appears petitioner is bringing the same claim in this habeas action that she brought before in *Jones v. Pilgrim,* CA 03-0763-CB-L where she sought the return of certain documents.

**II. Analysis.**

    **A. Treatment as Successive Habeas Petition.**

This action is therefore a second or successive habeas petition. If petitioner contends that her action is not a habeas action, but is rather an action pursuant to Rule 60(b), the law still considers her Rule 60(b) action to be a second or successive habeas petition. *Gonzalez v. Crosby,* ___ U.S. ___, 125 S.Ct. 2641, 2648 (June 23, 2005). That is, she is bringing the same claim that was brought in the prior petition and is claiming she is entitled to habeas relief on the merits. *Id.* As a successive petition, the present petition is governed by 28 U.S.C. § 2244(b)(3)(A), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner, however, has not filed an order from the Eleventh Circuit Court of Appeals authorizing her to proceed with the present petition. Accordingly, the petition is due to be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or

successive habeas application under section 2254 that was presented in a prior application shall be dismissed.").

### B. Treatment as Rule 60(b) Action.

Even though the law requires the Court to analyze petitioner's Rule 60(b) action as a successive habeas petition, an alternate basis on which to examine petitioner's claim in this instance is Rule 60(b). In the recent *Gonzalez* decision, the Supreme Court stated: "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's *state conviction,* allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." (Emphasis added.) Thus, a Rule 60(b) motion, or action, will be addressed under Rule 60(b) if the movant's state conviction will not be set aside.

In the situation at hand, there is not a state conviction that petitioner wants to set aside. In the prior habeas petition and in the present action petitioner is seeking the return of her property allegedly held by respondent Pilgrim. Thus, the Court may examine this action as a Rule 60(b) action.

The bases for this action is fraud or misrepresentation, which are grounds provided under Rule 60(b)(3). In order to bring an action on a ground specified in clause 3, the action must be commenced no later than "one year after judgment . . .was entered. . . ." FED.R.CIV.P. 60(b). Judgment was entered in CA 03-0763-CB-L on January 20, 2004 (Doc. 6). And this action was commenced on August 4, 2005 (Doc. 1), which is more than one year after judgment was entered in CA 03-0763-CB-L. *Gulf Coast Bldg. & Supply Co. v.*

5

*International Bhd. of Elec. Workers*, *Local No. 480*, 460 F.2d 105, 108 (5th Cir. 1972) (holding one-year period not tolled by an appeal).[3] Accordingly, petitioner's action for relief under Rule 60(b)(3) is due to be dismissed.

### C. Underlying Action.

Notwithstanding the foregoing two reasons the Court cannot grant relief in this action, petitioner has brought an action that is not appropriate for habeas relief. Petitioner was advised of this in the Court's report and recommendation entered in CA 03-0763-CB-L. When the prior action was recommended for dismissal pursuant to Rule 4, the Court explained to petitioner that the writ of habeas corpus acts to secure the release of a *person* who is being held unlawfully in custody, *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973), and that the writ cannot obtain the release of property, *Clayton v. Estelle,* 541 F.2d 486, 487 (5th Cir.) (district court dismissed claim seeking the return of confiscated property in a habeas action), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 230 (1977);[4] *Garrett v. Johnson,* No. 2:01-CV-0035, 2001 WL 497761, at *2 (N.D. Tex. May 7, 2001) (unpublished) (finding a claim for the return of a wallet was not cognizable in habeas). (Doc. 4). The Court finds the underlying action that is sought to be revisited, whether through the Court's construction of the present action as a habeas

---

[3] Petitioner's appeal was dismissed on April 16, 2004 (Doc. 12). Thus, this action was also filed a year after her appeal was decided.

[4] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6

petition or by treating the action as one for relief under Rule 60(b)(3), is an action for which the Court cannot grant any habeas relief.  To revisit an unsuccessfully appealed action that was dismissed pursuant to Rule 4 because it was meritless is not a judicious use of the Court's limited resources, and for which petitioner is not entitled to any relief in this action.

**III.  Conclusion.**

Based upon the foregoing reasons, and because the underlying habeas action is meritless, it is recommended that this action be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE** this 22nd day of August, 2005.

s/**WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**